IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NYLES LAWAYNE WATSON,

     Plaintiff,                      No. CIV S-04-0388 LKK GGH P

    vs.

TOM L. CAREY, et al.,

     Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss for failure to exhaust administrative remedies filed January 28, 2005. After carefully reviewing the record, the court recommends that defendants' motion be granted in part and denied in part.

<u>Plaintiff's Claims</u>

        This action is proceeding on the second amended complaint filed September 2, 2004. The defendants are Correctional Counselor Baskerville, Sergeant Young, Correctional Officer Howard, Nurse DeChant, Lieutenant Knudsen, Sergeant Ferguson and Correctional Officer Baker.

/////

/////

1

1   Plaintiff alleges that he suffers from mobility impairment in the lower part of his
2 body.  As a result of this condition, plaintiff cannot "get down" during an alarm.  He wears a
3 green vest to signal his inability to comply with a "get down" order.
4   On October 15, 2003, plaintiff filed a grievance claiming that defendant Howard
5 had forced him to get down during alarms.  On October 17, 2003, defendant Young spoke with
6 plaintiff regarding a letter he had written to Captain Moser regarding defendant Howard's
7 conduct.  Defendant Young attempted to coerce plaintiff into abandoning his appeal against
8 defendant Howard.  Defendant Young told defendant Howard that the next time plaintiff did not
9 get down during an alarm, he should file a rules violation against him.
10   Later that day, an alarm sounded.  Defendant Howard asked plaintiff what he was
11 doing when he did not get down.  Some time later, plaintiff received a pass to see Captain Moser.
12 When he arrived at the office, plaintiff was met by defendant Baskerville who informed him that
13 Captain Moser was on vacation.  Plaintiff told defendant that he had a doctor's chrono excluding
14 him from getting down.  Defendant Baskerville told plaintiff that it was in the officer's discretion
15 and told defendant Young to give plaintiff a rules violation for manipulation of staff.
16   On October 27, 2003, Lieutenant Cocke dismissed the rules violation as frivolous.
17 On November 5, 2003, the appeals coordinator summoned plaintiff to discuss the grievance he
18 had filed against defendants Howard, Young, Baskerville and DeChant.  Plaintiff told the
19 coordinator that he had chronos excluding him from getting down during alarms.  Defendant
20 DeChant told the doctor that plaintiff did not need the chrono because he had a green vest.  Later,
21 defendant DeChant told defendant Young that plaintiff did not fit the criteria for a "no get down"
22 chrono.  Based on this statement, defendant Young charged plaintiff with failing to get down.
23   During this time, plaintiff and eleven other inmates filed grievances regarding an
24 incident on the yard.  Based on this grievance and plaintiff's other grievance against defendants
25 regarding their disregard of his medical chrono, defendants had plaintiff placed in administrative
26 segregation (ad seg) on April 12, 2004.  Defendant Baker used excessive force against plaintiff

when he placed handcuffs on his wrists too tightly when he escorted plaintiff to ad seg.  When he arrived at ad seg, plaintiff told defendant Ferguson that he needed his medication.  Defendant Ferguson told plaintiff that he would get it for him after plaintiff signed the 114-D form which apparently acknowledged his placement in ad seg.  Plaintiff claims that he signed the form under duress because he was in so much pain.

Defendant Baskerville ordered plaintiff housed in an upper tier of ad seg despite the doctor's chrono authorizing a lower tier.

Although plaintiff alleges that he is an "ADA" inmate, it is clear that his claims are for violations of his constitutional rights pursuant to 42 U.S.C. § 1983.

Defendants' Motion

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections.  Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement.  Id. at 1237-38.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

3

1  Defendants first argue that plaintiff did not exhaust his administrative remedies as
2  to his claim that defendants retaliated against him on April 12, 2004, by ordering him placed in
3  ad seg. Defendants argue that plaintiff's appeal regarding this claim was returned to him at the
4  third level of review as defective. Defendants cite a letter dated August 14, 2004, to plaintiff
5  from N. Grannis, the Chief of Inmate Appeals for the California Department of Corrections
6  (CDC). See Exhibits attached to second amended complaint. The letter states that his appeal,
7  no. 04-1289, regarding segregation hearings was being returned as incomplete: "You must
8  include supporting documentation. Your appeal is missing the CDC 128-G, Institution
9  Classification Committee Chrono..." This appeal concerned plaintiff's claim that his placement
10 in ad seg was retaliatory.

11  Plaintiff later submitted another administrative appeal alleging that his ad seg
12 placement was retaliatory. This appeal, no. 04-2185, was denied at the third level of review on
13 December 17, 2004. Motion to Dismiss, Grannis decl., ¶ 4.

14  The court first considers whether the dismissal of appeal no. 04-1289 at the third
15 level for being incomplete satisfied the exhaustion requirement. In Ngo v. Woodford, No. 03-
16 16042, 2005 WL 674707 (9th Cir. March 24, 2005) the Ninth Circuit held that an administrative
17 appeal denied as untimely satisfied the exhaustion requirement. The Ninth Circuit reasoned that
18 because no further remedies remained available after the appeal was denied as untimely, the
19 plaintiff had exhausted his remedies. 2005 WL 674707 at 4.

20  In the instant case, plaintiff had further remedies available to him after N. Grannis
21 returned appeal no. 04-1289 for being incomplete. In the letter to plaintiff, N. Grannis listed the
22 documents plaintiff failed to include in his appeal. Plaintiff later filed appeal no. 04-2185 which
23 raised the issue of his placement in ad seg. Because additional remedies were available to
24 \\\\\
25 \\\\\
26 \\\\\

plaintiff after the return of appeal no. 04-1289, the court finds that this appeal did not exhaust plaintiff's administrative remedies.[1]

Appeal no. 04-2185 was denied at the third level of appeal on December 17, 2004—after plaintiff filed this action on February 25, 2004. Because plaintiff did not exhaust this claim prior to filing this action, this claim should be dismissed. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) (administrative remedies must be exhausted prior to bringing action).[2]

Defendants argue that plaintiff did not exhaust his administrative remedies as to his claims against defendant DeChant. Defendants state that plaintiff did not pursue his grievance as to this claim past the second level of review. See Motion to Dismiss, decl. T. Dickenson, Exhibit 4. Defendants also argue that plaintiff did not pursue his claim that handcuffs were placed too tightly upon him past the second level of review. Defendants cite exhibit 5 attached to the declaration of T. Dickenson attached to the motion to dismiss. Exhibit 5 is a "Reasonable Modification or Accommodation Request" form signed by plaintiff on April 15, 2004. In this form, plaintiff complained, in part, about handcuffs being placed too tightly on his wrists while he was housed in ad seg. Plaintiff apparently filed no actual administrative grievance raising his handcuff claim. For these reasons, the court finds that these claims are not exhausted.

Defendants next argue that plaintiff did not exhaust his claims that defendants Young and Baskerville affirmed defendant Howard's discrimination against plaintiff.

---

[1] The undersigned is aware of Ngo's requirement that the defendants demonstrate what remedies are available after a "screenout." "To demonstrate a failure to exhaust, defendants must specify which remedies remain available to Ngo following the Appeals Coordinator's decision. Cf. id. at 1230-31. The defendants offer no guidance on how Ngo can cure his supposed failure to exhaust or what remedies, if any, remain available to Ngo. Instead, the defendants' argument rests on procedural default and not exhaustion." Ngo v. Woodford, 2005 WL 674707 at 19. However, in this case because the Third Level ultimately did hear plaintiff's appeal on the merits, we know that further remedies existed.

[2] Defendants also argue that appeal no. 04-2185 did not exhaust plaintiff's remedies because it did not name any defendants. Because this appeal was exhausted after plaintiff filed this action, the court need not consider this claim.

1  Defendants argue that the only grievance exhausted to the third level of review by plaintiff
2  regarding discrimination, appeal no. 03-2756, was against defendant Howard for requiring
3  plaintiff to "get down" during alarms despite his mobility impairment.  In appeal no. 03-2756,
4  the Second Level Response reviewed plaintiff's claim that defendant Howard ordered him to "get
5  down."  Motion to Dismiss, Grannis decl., Exhibit 1.  The Second Level Response also reviewed
6  plaintiff's claims that defendants Young and Baskerville were harassing him because of his
7  mobility impairment.  Id.

8     The claims that defendants Young and Baskerville harassed plaintiff are based on
9  the claims concerning the events of October 17, 2004.  Accordingly, the court finds that this
10 appeal exhausted these claims against these defendants only.

11    None of the appeals pursued by plaintiff to the Director's Level exhausted his
12 claim that defendant Baskerville ordered him housed on an upper tier.  Motion to Dismiss,
13 Grannis decl.  Accordingly, this claim should be dismissed for lack of administrative exhaustion.

14    In his opposition filed February 8, 2005, and affidavit filed February 11, 2005,
15 plaintiff argues that he did exhaust administrative remedies as to all claims.  Plaintiff indicates
16 that appeal nos. 03-03492 and 04-2185 exhausted his claims to the Director's Level.  As
17 discussed above, appeal no. 04-2185 raised his claim of retaliatory placement in ad seg and was
18 denied at the Director's Level.  However, plaintiff exhausted this claim *after* he filed this action.
19 All claims must be administratively exhausted *prior* to the filing of an action.  McKinney v.
20 Carey, 311 F.3d 1198 (9th Cir. 2002).

21    In appeal no. 03-3492 plaintiff claimed that custody staff caused him injuries by
22 allowing the housing unit to be filled with toxic smoke.  Exhibit 2, Grannis decl., motion to
23 dismiss.  The instant action does not raise a claim that custody staff caused plaintiff injuries by
24 allowing the housing unit to be filled with smoke.  While plaintiff alleges he was placed in ad seg
25 in retaliation for filing this appeal, this claim is different from the claim raised in appeal no. 03-
26 3492.

Conclusion

Defendants do not move to dismiss the exhausted claim that defendant Howard forced plaintiff to "get down" during alarms. Accordingly, defendants should file an answer to this claim as well as to the claims against defendants Young and Bakerville based on the events of October 17, 2003. The remaining claims should be dismissed because they are not exhausted.

Named as a defendant in the second amended complaint is Associate Warden Johns. The court inadvertently overlooked this defendant when screening the second amended complaint. Accordingly, the court will separately order service of this defendant.

IT IS HEREBY RECOMMENDED that defendants' January 28, 2005, motion to dismiss be denied as to the claims against defendants Young and Baskerville based on the events of October 17, 2003; defendants' motion be granted in all other respects; defendants be ordered to file an answer addressing the claims against defendants Young, Baskerville and Howard as discussed above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   4/26/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
wat388.57