IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NYLES LAWAYNE WATSON,

      Plaintiff,                   No. CIV S-04-0388 LKK GGH P

  vs.

TOM L. CAREY, et al.,

      Defendants.          ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action. On September 9, 2005, plaintiff filed a motion for a preliminary injunction. In this motion, plaintiff alleges that he has not received adequate law library access.

       The court construes plaintiff's motion for injunctive relief as a motion for a protective order. Local Rule 72-302 of the Eastern District of California permits magistrate judges to handle all aspects of a prisoner's case short of jury trial. It has also been interpreted as authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or motions not involving injunctive relief. See also United States v. Raddatz, 447 U.S. 667, 673, 100 S. Ct. 2406, 2411 (1980) (magistrate judge may hear any pretrial matter except "dispositive" motions).

/////

1

Therefore, the fact that parties are directed in their activities by a magistrate judge cannot, without more, transform the matter at hand into an "injunctive" relief matter governed by § 636(b)(1)(B). See, e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period of non-compliance with discovery orders to ensure compliance). It is only when the "injunctive" relief sought goes to the merits of plaintiff's actions or to complete stays of an action that orders under § 636(b)(1)(A) are precluded. See, e.g., Reynaga v. Cammisa, 971 F.2d 414 (9th Cir. 1992).

In the instant case, plaintiff's request does not go the merits of plaintiff's action. Accordingly, this matter may be handled by court order.

Plaintiff alleges that inmates at California State Prison-Solano receive only ten hours per week of law library access. Plaintiff alleges that this is not enough time for him to litigate this action. Plaintiff does not allege that his ability to access the court with respect to this action has been injured due to inadequate law library access.

The Supreme Court in Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491 (1977) did not create an "abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. at 350-51, 116 S.Ct. 2174. Because plaintiff has alleged only that his ability to litigate this action has been injured in a theoretical sense, his motion for a protective order is denied. See Lewis v. Casey, 518 U.S. 343, 349, 116 S.Ct. 2174 (1996)(inmate must allege actual injury in order to succeed on access to the courts claim).

Accordingly, IT IS HEREBY ORDERED that plaintiff's September 9, 2005, motion for a preliminary injunction, construed as a motion for a protective order, is denied.

DATED: 10/25/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

wat288.po

2