IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NYLES LAWAYNE WATSON,

    Plaintiff,                     No. CIV S-04-0388 LKK GGH P

    vs.

TOM L. CAREY, et al.,

    Defendants.           FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the motion to dismiss filed September 6, 2005, on behalf of defendant Johns for failure to exhaust administrative remedies. After carefully reviewing the record, the court recommends that defendant's motion be granted.

        On August 15, 2005, the court granted and denied in part a motion to dismiss for failure to exhaust administrative remedies made on behalf of the other defendants.

Discussion

        This action is proceeding on the second amended complaint filed September 2, 2004. The only claim against defendant Johns is that he retaliated against plaintiff for filing administrative grievances by having him placed in administrative segregation.

/////

1

Although plaintiff alleges that he is an "ADA" inmate, it is clear that his claims are for violations of his constitutional rights pursuant to 42 U.S.C. § 1983.

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

Plaintiff contends that he attempted to exhaust his administrative remedies against defendant Johns in administrative appeal no. 04-1289, but that N. Grannis, the Chief of the Inmate Appeals Branch refused to process this appeal. This appeal concerned plaintiff's placement in administrative segregation. Amended Complaint, Exhibit B. N. Grannis returned this appeal to plaintiff because it was missing supporting documentation including the Institution Classification Committee Chrono, the Classification Staff Representative Chrono and the final signed copy of the 114-D. Amended Complaint, Exhibit B.

/////

Plaintiff later submitted another administrative appeal alleging that his ad seg placement was retaliatory. This appeal, no. 04-2185, was denied at the third level of review on December 17, 2004. See Defendants' January 28, 2005, motion to dismiss, Grannis decl., ¶ 4.[1]

The court first considers whether the dismissal of appeal no. 04-1289 at the third level for being incomplete satisfied the exhaustion requirement. In Ngo v. Woodford, 402 F.3d 620 (9th Cir. 2005) the Ninth Circuit held that an administrative appeal denied as untimely satisfied the exhaustion requirement. The Ninth Circuit reasoned that because no further remedies remained available after the appeal was denied as untimely, the plaintiff had exhausted his remedies. 402 F.3d at 629-630.

In the instant case, plaintiff had further remedies available to him after N. Grannis returned appeal no. 04-1289 for being incomplete. In the letter to plaintiff, N. Grannis listed the documents plaintiff failed to include in his appeal. Plaintiff later filed appeal no. 04-2185 which raised the issue of his placement in ad seg. Because additional remedies were available to plaintiff after the return of appeal no. 04-1289, the court finds that this appeal did not exhaust plaintiff's administrative remedies.

Appeal no. 04-2185 was denied at the third level of appeal on December 17, 2004—after plaintiff filed this action on February 25, 2004. Because plaintiff did not exhaust this claim prior to filing this action, this claim should be dismissed. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) (administrative remedies must be exhausted prior to bringing action).

For the reasons discussed above, the court recommends that defendant's motion to dismiss be granted.[2]

---

[1] (Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] On August 15, 2005, the court dismissed plaintiff's claim that other defendants retaliated against him by ordering him placed in administrative segregation for failure to exhaust administrative remedies on the same grounds discussed in these findings and recommendations.

IT IS HEREBY RECOMMENDED that the motion to dismiss filed September 6, 2005, on behalf of defendants Johns be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   1/13/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
wat388.mtd(2)