IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NYLES LAWAYNE WATSON,

    Plaintiff,                      No. CIV S-04-0388 LKK GGH P

    vs.

TOM L. CAREY, et al.,             ORDER AND

    Defendants.            FINDINGS & RECOMMENDATIONS

_____ /

        On November 17, 2006, defendants filed a motion to dismiss. Plaintiff has not opposed the motion. The court recommends that defendants' motion be granted with the following background explanation.

        On May 5, 2006, defendants filed a motion to compel on grounds that plaintiff failed to respond to discovery requests. Plaintiff did not timely respond to defendants' motion. Accordingly, on July 3, 2006, the court ordered plaintiff to show cause within ten days for his failure to respond. Ten days passed and plaintiff did not respond to the show cause order. Accordingly, on August 28, 2006, the court granted defendants' motion and ordered plaintiff to respond to the discovery requests within twenty days.

        On September 5, 2006, plaintiff filed a request for extension of time to comply with the August 28, 2006, order. Plaintiff claimed that he did not receive the discovery requests

1

1 referred to in the motion to compel and requested that defendants be ordered to serve them on
2 him. On September 15, 2006, the court ordered defendants to re-serve plaintiff with the
3 discovery requests referred to in the motion to compel within ten days. The court granted
4 plaintiff thirty-five days to serve defendants with responses to the at-issue discovery. In the
5 September 16, 2006, order the court observed that plaintiff wasted court resources by failing to
6 inform the court in either a response to the motion to compel or the show cause order that he had
7 not received the discovery requests.

8          On September 21, 2006, defendants filed a notice of re-service of the at-issue
9 discovery requests. In the pending motion, defendants state that plaintiff has still failed to
10 respond to these requests. As discussed above, not only did plaintiff fail to respond to the
11 discovery requests, but to the pending motion to dismiss.

12          Local Rule 78-230(m) provides in part: "Failure of the responding party to file
13 written opposition or to file a statement of no opposition may be deemed a waiver of any
14 opposition to the granting of the motion . . . ." On November 29, 2004, plaintiff was advised of
15 the requirements for filing an opposition to a motion to dismiss and that failure to oppose such a
16 motion may be deemed a waiver of opposition to the motion.

17          Accordingly, plaintiff's failure to oppose should be deemed a waiver of
18 opposition to the granting of the motion. In the alternative, the court has reviewed the motion
19 and finds that it has merit. Dismissal is a harsh sanction. A court abuses its discretion when it
20 dismisses a case for procedural non-compliance without consideration of "the impact of the
21 sanction and the alternatives available...." Myers v. Shekter ( In re Hill), 775 F.2d 1385, 1387
22 (9th Cir.1985). It may be unnecessary, however, for a court to consider alternatives to dismissal
23 in egregious circumstances of non-compliance. Morrissey v. Stuteville (In re Morrissey), 349
24 F.3d 1187, 1190-91 (9th Cir.2003) (affirming dismissal imposed after egregious violations of
25 local rules). See also Malone v. United States Postal Serv., 833 F.2d 128, 132 (9th Cir.1987)
26 (observing that in "egregious circumstances" it is unnecessary for the district court to discuss

alternatives to dismissal). This is a situation of egregious non-compliance with rules and orders. The court is left with no alternative but dismissal when a plaintiff refuses to participate in the action despite numerous attempts to have him do so.

Also pending is defendants' June 30, 2006, summary judgment motion. Because the court recommends that defendants' motion to dismiss be granted, the summary judgment motion is vacated.

Accordingly, IT IS HEREBY ORDERED that defendants' June 30, 2006, summary judgment motion is vacated;

IT IS HEREBY RECOMMENDED that:

1. Defendants' November 17, 2006, motion to dismiss be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 2/7/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:035
wats0388.46